[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action consisting of a complaint for custody brought to the Superior Court at the Judicial District of New London. The allegations are that the parties to the action are the parents of a minor child named Chandler A. Ray, born September 12, 1998. There is no dispute as to jurisdiction, and the court finds that it has jurisdiction over the matter. The court has considered the statutory criteria and makes the following findings and corresponding orders:
The plaintiff Wendy Fox is the natural mother of the minor child, Chandler A. Ray, born on September 12, 1998.
The court finds that the defendant Chandler Ray is the father of the minor child, Chandler A. Ray.
The court orders that the parties are to share joint legal custody of the minor child. The primary physical residence of the child shall be with the plaintiff mother and the father shall enjoy reasonable rights of visitation and access to the child including but not limited to the following:
Alternating weekends from Friday evening until Sunday at 4:00 p.m. The father is to pick up the child at his daycare on Fridays when he is exercising said visitation.
Each other visitation weekend, as above mentioned, the mother shall pick up the child within five miles of the father's residence. Otherwise, the father shall return the child to the mother, who shall pick up the child within five miles of the mother's residence. When the father is obligated to return the child to the mother, he may do so earlier than the scheduled time provided that he give adequate notice of his intent to do so to the mother.
The father shall also enjoy access to the minor child every Tuesday and alternating Fridays from the time of the child's discharge from daycare or school until 6:30 p.m. provided that he give mother a minimum of 24 hours notice. The father shall be responsible for transportation during CT Page 6227 these visits.
The defendant shall pay to the plaintiff the sum of $60.00 per week as child support.
The defendant shall pay 40% of the work-related daycare expenses with the mother to pay the balance. The mother shall be obligated to provide a receipt or other statement of such costs from the daycare provider for the father's inspection.
Each party shall be obligated to maintain medical insurance for the benefit of the minor child as available through their employer at reasonable cost. Each party shall share equally in any unreimbursed or uninsured medical expenses. The parties shall apply for and obtain coverage for the minor child through the HUSKY Plan in the event that medical insurance is not otherwise available.
Each party shall be entitled to one uninterrupted week of vacation access with the minor child until the child attains the age of 5. After age 5, each party shall be entitled to two uninterrupted week of vacation access with the minor child. If he is of school age, said access is to be exercised during the minor child's school vacations. Mother shall have the option of Spring Break access in even years, father in the odd numbered years. Said access is with the understanding that if during the uninterrupted week of vacation, daycare is needed, that the child will continue to attend the daycare he is currently attending. Additionally, each parent shall provide the other with 45 days notice of their intent to exercise said vacation times. The parties shall be allowed to take the child from the State of Connecticut during these vacation periods, provided they give at least 30 days notice of their intent to do so, and that they otherwise comply with orders herein as to removing the child from the state.
The plaintiff mother will have the child for Easter in even numbered years, for Thanksgiving and Fourth of July in odd numbered years. The defendant father shall have the child for opposite access. The defendant father shall have the minor child from noon Christmas Eve until noon on Christmas Day in even numbered years and he shall have the minor child from noon on Christmas Day until noon December 26th" in odd numbered years. The plaintiff mother shall have the opposite access. Additionally each party shall have the minor child on their respective birthdays and Mother's Day and Father's Day. All other holidays will be alternated between the parties.
Each party shall maintain a life insurance policy in the amount of $100,000.00 naming the minor child as sole and irrevocable beneficiary, CT Page 6228 and each other as trustee, until he reaches the age of 19 or graduates from high school, whichever is sooner. Additionally, each party shall execute an authorization so that the other can verify the existence of said policy.
The parties may mutually agree to periodically modify the provisions related to visitation given their work schedules, illness of the parties or the minor child and other unforeseen events.
The parent who has the child during those periods of time when the child has extracurricular activities or social engagements shall be responsible for the transportation of the child to those events, unless otherwise agreed.
The parent with knowledge of medical appointments, extracurricular and social events to which the child has been invited shall notify the other parent.
Neither parent shall seek to prevent the other parent from attending scheduled medical appointments, extracurricular and religious programs in which the child will take part.
Plaintiff mother shall provide appropriate notice and written copies thereof, if applicable, to the other parent of all academic reports, doctor reports, and school or daycare reports, respecting the child.
Mother shall inform father of any and all medical or dental appointments of the child, as well as school conferences.
Both parties shall notify the other of their intention to take the child out of the State of
Connecticut, or if the child shall spend the night with a third person. In the event the child is to be taken from the state, the party taking the child shall supply the other with an itinerary, including specifics as to travel arrangements, and locations and phone numbers where the child shall be staying.
 _____________________ ROBAINA, JUDGE